IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>                                       Plaintiff,<br><br>vs.<br><br>Barry Christopher Brown, Jr.,<br>a/k/a Big Splash<br><br>                                       Defendant. | Case No. 1:21-cr-00029 |

## ORDER DENYING MOTION TO REDUCE SENTENCE

[¶1]   THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on June 11, 2024. Doc. No. 143. The Federal Public Defender's Office was appointed to represent the Defendant. Defense Counsel filed a Notice of Intent Not to Supplement the Defendant's Motion on June 11, 2024. Doc. No. 145. The United States filed a Response on July 8, 2024. Doc. No. 146. The Defendant did not file a Reply. For the reasons set forth below, the Motion is **DENIED**.

[¶2]   The Defendant seeks a reduction of his sentence based upon Amendment 821 to the United States Sentencing Guidelines which went into effect on November 1, 2023. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may seek a sentence reduction if he has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"

[¶3]   In Part A to Amendment 821, the United States Sentencing Commission made changes to the "status points" provision which are criminal history points added when a defendant committed the instant offense while under another criminal justice sentence. At sentencing, the Court adopted

the Presentence Investigation Report without change, which noted the Defendant received 1 scorable criminal history point and no status points under the prior version of U.S.S.G. 4A1.1(d). Doc. No. 125, ¶¶ 29-31. Part A of Amendment 821, therefore, provides no relief for the Defendant.

[¶4] In Part B, Subpart 1 to Amendment 821, the Sentencing Commission created a two-level reduction in the total offense level for defendants receiving zero criminal history points and whose offense did not involve certain criteria. Likewise, this change would not affect the Defendant's guideline range because he received 1 criminal history point and would not be considered a "zero-point" offender under USSG § 4C1.1.

[¶5] The record clearly demonstrates that Amendment 821 does not apply to the Defendant. Therefore, the Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, the Defendant's Motion is **DENIED**.

[¶6] **IT IS SO ORDERED.**

DATED August 6, 2024.

Daniel M. Traynor, District Judge
United States District Court